**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-04787-NYW

ADAN ISIDORO BELTRAN,

Petitioner,

v.

JUAN BALTAZAR,
GEORGE VALDEZ,
MARKWAYNE MULLIN,
DAVID J. VENTURELLA, and
TODD BLANCHE,

Respondents.

---

**MEMORANDUM OPINION AND ORDER**

---

This matter is before the Court on the Pro se Petition for Writ of Habeas Corpus ("Petition"). [Doc. 4]. Respondents have responded to the Petition. [Doc. 9]. Petitioner proceeds *pro se* and is currently detained by Immigration and Customs Enforcement ("ICE") at the Denver Contract Detention Facility in Aurora, Colorado. The Court must construe Petitioner's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. The Court has reviewed the Petition, the related briefing, and the applicable case law. For the reasons set forth below, the Petition is **GRANTED**.

**BACKGROUND**

Petitioner Adan Isidoro Beltran ("Petitioner" or "Mr. Isidoro Beltran"), a citizen of

Mexico, entered the United States in May 2021 and has lived in the country ever since. [Doc. 4 at 2]. On or about July 27, 2026, Mr. Isidoro Beltran was detained by ICE, and he remains in custody at the ICE Aurora Contract Detention Facility. [*Id.* at 3]. Mr. Isidoro Beltran states that he filed an application for asylum that is pending. He also alleges that on September 9, 2026, an immigration judge "held a custody re-determination hearing and denied bond[.]" [*Id.* at 8].

Mr. Isidoro Beltran asserts five claims that are liberally construed as challenges to his continued detention as a violation of the Immigration and Nationality Act and due process. [*Id.* at 5-9]. He seeks "immediate release" from detainment or, alternatively, a "second custody hearing pursuant to § 1226(a) before a neutral IJ within seven days[.]" [*Id*. at 9].

In the Response, Respondents confirm that Petitioner "is in removal proceedings and detained by U.S. Immigration and Customs Enforcement" and state that "[f]or purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition[.]" [Doc. 9 at 1]. "Respondents recognize that the Court may then decide to grant the Petition and award appropriate relief" and "submit that if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, <u>release</u> Petitioner from detention." [*Id.* at 1–2 (quoting *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) (remanding and directing that "the district court shall order the Government to, within seven days of such order, either provide [the petitioner] with a bond hearing or else release him.")].

This matter is fully briefed and ripe for disposition. No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary.

*Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

## ANALYSIS

Petitioner's claim turns on whether his detention is governed by § 1226(a). The Court summarizes the statutory framework before turning to Petitioner's arguments.

### I. Statutory Framework

Two statutory provisions govern detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). The first, 8 U.S.C. § 1226, "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'" *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *5 (E.D. Va. Sept. 30, 2025) (quoting *Jennings*, 583 U.S. at 303). This section permits, but does not require, the Attorney General to detain noncitizens pending removal proceedings, subject to certain exceptions not applicable here. *Jennings*, 583 U.S. at

303; 8 U.S.C. § 1226(a)(1)–(2) (the Attorney General "*may* continue to detain" or "*may* release" the noncitizen (emphasis added)). Section 1226(a) thus establishes a discretionary framework for the detention of noncitizens pending removal proceedings.

Another provision, 8 U.S.C. § 1225(b), "supplement[s] § 1226's detention scheme." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1246 (W.D. Wash. 2025) (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022)). Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States," i.e., "applicants for admission." *Jennings*, 583 U.S. at 297. This section provides, in relevant part, that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall* be detained" pending removal proceedings. 8 U.S.C. § 1225(b)(2)(A) (emphasis added). Under § 1225(a)(1), an "applicant for admission" is

> An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters).

The Tenth Circuit has explained that "[t]he only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border." *Santillan Quiroz v. Mullin*, 180 F. 4th 1226, 1239 (10th Cir. 2026). "Since § 1225(b)(2)(A) applies only to those seeking admission," the Tenth Circuit has concluded that "§ 1225(b)(2)(A)'s application is limited to the border." *Id.* at 1240. Absent an exception for urgent humanitarian reasons not implicated in this case, "detention under § 1225(b)(2) is considered mandatory," and "[i]ndividuals detained under § 1225 are not entitled to a bond hearing." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (citing *Jennings*, 583 U.S. at 297).

## II. Section 1226(a) Applies to Petitioner

The Court liberally construes Petitioner's arguments to be that his detention is governed by § 1226(a). [Doc. 4]. Respondents do not contest this assertion in the response brief, *see* [Doc. 9], presumably because the Tenth Circuit's decision in *Santillan Quiroz* makes clear that § 1226(a) governs the detention of noncitizens, like Petitioner, who were taken into custody years after they entered the United States. In *Santillan Quiroz*, the Tenth Circuit reversed the denial of a habeas petition filed by a noncitizen who had resided in the United States for years before he was detained by ICE during a traffic stop. 180 F. 4th 1232-33. The Tenth Circuit reasoned that the *Santillan Quiroz* petitioner and those similarly situated to him, i.e. "those who entered the United States without admission and who have lived here since," "are categorically unable to seek admission while they remain in the country." *Id.* at 1239. After all, "[a] person cannot make a present request for permission to enter the United States, lawfully or otherwise, once he or she has already entered." *Id.* Thus, the Tenth Circuit concluded that "[t]he only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border." *Id.*; *see also id.* ("Since § 1225(b)(2)(A) applies only to those seeking admission, § 1225(b)(2)(A) is likewise limited to the border."). Because the petitioner in *Santillan Quiroz* had been residing in the United States for years before he was detained, he was not seeking admission and could not be detained under § 1225. *Id.* Instead, the petitioner was subject to detention under § 1226(a). *Id.* at 1251 n.13; *see also id.* at 1237 (holding that "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)").

The analysis and holding in *Santillan Quiroz* controls this case. Mr. Isidoro Beltran had been residing in the United States since 2021 when he was detained. His detention is therefore governed by § 1226(a). Because Petitioner is detained under § 1226(a), at a minimum "the process due to him is that which is afforded under Section 1226(a)." *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 785 (E.D. Mich. 2025), *aff'd*, 175 F.4th 713 (6th Cir. 2026).

For the reasons set forth above, the Petition is **GRANTED** with respect to Petitioner's claims.

## III. Appropriate Remedy

Petitioner asks the Court to order his immediate release, and "Respondents submit that if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, release Petitioner from detention." [Doc. 9 at 1-2].

Section 1226(a) "does not require release—it provides DHS the discretion to grant an alien release on bond." *Nava Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025); *see also Santillan Quiroz*, 2026 WL 1876709, at *17 n.13 (instructing the district court on remand only to order the Government to provide the petitioner with a bond hearing or else release him). The Court finds it appropriate to order Petitioner's release under reasonable conditions to be set by DHS.

Accordingly, Respondents are **ORDERED** to immediately release Petitioner from detention under reasonable conditions to be set by DHS **within 48 hours of this Order**. On or before **October 26, 2026**, Respondent shall file a status report indicating the date Petitioner was released from custody; and (2) whether any additional proceedings in this

matter are required.

## CONCLUSION

For the reasons set forth in this Order, **IT IS ORDERED** that:

(1) The amended Petition for Writ of Habeas Corpus [Doc. 4] is **GRANTED**;

(2) Respondents shall immediately release Petitioner from detention under reasonable conditions to be set by DHS **within 48 hours of this Order**;

(3) On or before **October 26, 2026**, Respondents shall file a status report indicating (1) the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required; and

(4) A copy of this Order shall be sent to:

Adan Isidoro Beltran
#A243-164-467
Aurora Detention Center
3130 Oakland Street
Aurora, CO 80010

DATED: October 19, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge